UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KHALIL ISKONDAVE,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ JR., et al.,<br><br>Respondents. | Case No. 5:26-cv-01036-DTB<br><br>**ORDER GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

**I.**

**PROCEDURAL HISTORY**

On March 5, 2026, petitioner Khalil Iskondave ("Petitioner"), represented by counsel, filed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1 at 1-17),[1] accompanied by supporting exhibits (id. at 18-83).  On the same date, Petitioner filed a Motion for a Temporary Restraining Order ("Application").  (Docket No. 3).

---

[1] For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

1

On March 6, 2026, the District Judge, after noting procedural defects with the Petition and the Application, ordered Petitioner to file a verified petition and a supplement to the Application, and also ordered briefing on the Application. (Docket No. 5).

On March 6, 2026, Petitioner filed a Verified First Amended Petition pursuant to 28 U.S.C. § 2241 ("FAP") (Docket No. 6 at 1-17), accompanied by supporting exhibits (id. at 19-83). On the same date, Petitioner filed a Supplement to the Application ("Supplement to Application"). (Docket No. 7).

On March 12, 2026, Respondents filed a Response to the Application ("Response"), stating: "Respondents are not presenting an opposition argument." (Docket No. 10). On the same date, Petitioner filed a Reply to the Response. (Docket No. 8).

On March 12, 2026, the District Judge issued an Order re: Motion for Temporary Restraining ("March 12, 2026 Order"). (Docket No. 11). The District Judge noted that Respondents had conceded that Petitioner's continued detention violated 8 U.S.C. § 1231(a)(6) on the basis that there was no significant likelihood that he would be removed in the reasonably foreseeable future and that Petitioner had met his burden to demonstrate entitlement to preliminary injunctive relief. (Id. at 5). Accordingly, the District Judge granted the Application and ordered Respondents to release Petitioner from custody immediately. (Id.).

On March 25, 2026, the Court issued its Order Requiring Response to Habeas Petition. (Docket No. 12).

On March 27, 2026, Petitioner filed a consent to proceed before this Court. (Docket No. 13). On April 8, 2026, Respondents filed a consent to proceed before this Court. (Docket No. 14). Based on the consent of the parties, on April 9, 2026, the matter was reassigned to this Court for final disposition. (Docket No. 16).

On April 8, 2026, Respondent filed an Answer to the FAP ("Answer"), requesting dismissal on the basis that the FAP was now moot due to Petitioner's release from federal custody on March 13, 2026. (Docket No. 15). On April 9, 2026, Petitioner filed a Reply to the Answer ("Reply"). (Docket No. 21).

Thus, this matter is now ready for decision. For the reasons set forth below, the FAP is granted.

## II.

## BACKGROUND

The Court adopts the following background information from the District Judge's March 12, 2026 Order (see Docket No. 11 at 2):

According to the petition and motion materials, Petitioner is a Syrian citizen who came to the United States on February 19, 2016, seeking asylum based on religious persecution he faced in his home country. ([FAP] ¶ 8; [Application] Ex. B, ECF No. 3; [Supplement to Application] Ex. A ("Thomas Aff.") 1, ECF No. 7.) Upon his arrival, Petitioner was detained by ICE until September 6, 2016, when he was released pending a final determination as to his removability. ([FAP] ¶ 26; [Application] Ex. C, ECF No. 3; Thomas Aff. 1.) Petitioner was ordered permanently removed on February 12, 2018, but the immigration judge simultaneously granted him a statutory withholding of removal. ([FAP] ¶ 25; [Application] Ex. D, ECF No. 3; Thomas Aff. 1.) Since his release, Petitioner married and had a child. (See [FAP] ¶¶ 27, 29; [Application] Exs. E, H, ECF No. 3; Thomas Aff. 1.) Both his spouse and child are United States citizens. ([FAP] ¶ 29; Thomas Aff. 1.) Petitioner also obtained Temporary Protected Status and filed an I-130 petition based on his U.S. citizen spouse, which was granted.

([Application] Exs. G, I, ECF No. 3; Thomas Aff. 1.)  He represents that he has complied with all terms of his release and there is no evidence that he poses a flight risk or danger to his community.  ([FAP] ¶¶ 26-28; Thomas Aff. 1-2.)

On February 18, 2026, ICE re-detained Petitioner when he appeared for a scheduled check-in.  ([FAP] ¶ 27.)  Petitioner claims that ICE officers represented that the President had issued a directive terminating Temporary Protected Status for Syrian nationals, rendering Petitioner's removal imminent.  ([Application] 5.)  Petitioner argues his redetention violates the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA").  ([FAP] ¶¶ 44-51.)  He seeks an order directing Respondents to immediately release him during the pendency of his habeas petition. ([Application] 12.)

### III.

### PROCEEDINGS

As noted, the District Judge granted Petitioner's Motion for a Temporary Restraining Order on March 12, 2026.  (Docket No. 11).  The District Judge found that:

Petitioner is likely to succeed on the merits of his [Immigration and Nationality Act] claim, which the Court construes under the lens of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  ([FAP] ¶¶ 44- 47.)[2]  "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).  The Fifth Amendment provides that "[n]o person shall

---

[2]    The Court does not opine on Petitioner's likelihood of success on the merits of his APA claim.

4

. . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas*, 533 U.S. at 693.

The [Immigration and Nationality Act] governs detention and release of noncitizens during and following removal proceedings. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Once an alien is ordered removed, the Department of Homeland Security must remove the alien within a 90-day removal period, during which detention is mandatory. *Id.* at 528 (construing 8 U.S.C. § 1231(a)(1)); 8 U.S.C. § 1231(a)(2). Certain categories of aliens who have been ordered removed "may be detained" after the removal period lapses. 8 U.S.C. § 1231(a)(6). The Constitution implicitly limits the Department of Homeland Security's discretion to detain an alien in the post-removal period to "'a period reasonably necessary to bring about that alien's removal from the United States,'" which "is presumptively six months." *Johnson*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). But an alien may not necessarily be subject to release if the alien is not removed within six months; instead, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Based on Petitioner's papers and Respondents' decision not to present any counter argument, Petitioner's continued detention violates § 1231(a)(6) of the INA because his removal is not reasonably foreseeable. While Petitioner has been ordered permanently removed back to Syria, the immigration judge also granted him a

statutory withholding of removal based on his fear of persecution.[3] He also has married a U.S. citizen, with whom he has a U.S. citizen child,[4] and he has an approved I-130 petition based on his U.S. citizen spouse.[5]  As Respondents have not provided any counterargument, the Court is satisfied that the withholding of removal to Syria coupled with the approved I-130 petition presents good reason to believe that there is no significant likelihood that Petitioner will be removed to Syria in the reasonably foreseeable future.  *See Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.8 (N.D. Cal. 2013) (collecting cases holding that a party conceded an argument by failing to respond to it). This concession weighs particularly heavily against Respondents because the burden is on them to "respond with evidence sufficient to rebut" a showing that "there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

(Docket No. 11 at 5; renumbered unbracketed footnote in original; bracketed footnotes added).

In his March 12, 2026 Order, the District Judge also found that, based on Respondents' non-response to the Application, Petitioner had demonstrated that the likelihood of irreparable harm factor weighs in his favor and that he had demonstrated that the balance of equities and the public interest factors weigh in his favor.  (Id. at 5).  Accordingly, the District Judge ordered Petitioner's immediate release from custody.  (Id.).

/ / /

/ / /

---

[3]     [FAP at 25-29, 35]
[4]     [FAP at 37, 39, 43].
[5]     [FAP at 41].

## IV.

## PETITIONER'S CLAIMS

The FAP raises the following claims for habeas relief:

(1)    Petitioner's re-detention "has become unreasonable because his removal is not reasonably foreseeable" and therefore violates 8 U.S.C. § 1231(a)(6). (FAP at 15-16).

(2)    Petitioner's detention, "without determining whether exceptional circumstances warrant his continued detention," is arbitrary and capricious and violates the APA.  (FAP at 16).

## V.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws.  28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

7

**VI.**

**DISCUSSION**

**A.     The FAP is Not Moot.**

The Court first considers Respondents' contention in the Answer that the FAP has been rendered moot by Petitioner's release from custody.  (See Docket No. 15 at 2-4).  Respondents contends that, in light of Petitioner's subsequent release from custody, there is no further relief this Court can provide.  (Id.).

As Petitioner argues in the Reply (see Docket No. 17 at 2-5), the FAP is not moot for the simple reason that the relief provided thus far in this action has been temporary.  A habeas petition is not rendered moot by  preliminary relief when such relief is not made permanent.  See Nielsen v. Preap, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").  The preliminary injunctive provided by the District Judge in his March 12, 2026 Order has not fully or finally adjudicated Petitioner's claims and, therefore, the Court retains jurisdiction for purposes of doing so.  See Lackey v. Stinnie, 604 U.S. 192, 200 (2025) ("Preliminary injunctions . . . do not conclusively resolve legal disputes."); see also Cruz v. Lyons, Case No. 5:25-CV-02879, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) ("A habeas petition is not moot where preliminary relief is not made permanent."); Carlos v. Noem, Case No. 2:25-cv-01900-FRB-EJY, 2025 WL 2998184, at *4 (D. Nev. Oct. 24, 2025) ("Where—as here—the government complies with a district court orders that results in release from detention, that does not render a case moot.  Instead, the government is free to appeal that order, and a party who received only temporary relief may continue to seek final relief.");

8

Martinez v. Wamsley, Case No. 2:25-cv-01822-TMC, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025); Martinez v. Wamsley, Case No. 2:25-cv-01822-TMC, 2025 WL 2899116, at *2 (W.D. Wash. Oct. 10, 2025) ("[T]he temporary relief granted to the three [p]etitioners does not moot their underlying application for writ of habeas corpus.").

Thus, the Court rejects Respondent's mootness argument and turns to the merits of the FAP.

**B.    Petitioner's Indefinite Detention Claim Warrants Habeas Relief.**

As noted, in the first claim alleged in the FAP, Petitioner contends that his detention is indefinite because there is no good reason to believe he will be removed to Syria in the reasonably foreseeable future. (FAP at 10-11, 15-16).

1.    Relevant Legal Authority.

Generally, the Immigration and Nationality Act allows the government to detain noncitizens during immigration proceedings. A noncitizen who has been ordered removed, such as Petitioner, shall be removed by the Department of Homeland Security within 90 days of such order (8 U.S.C. § 1231(a)(1)(A)), and during the 90-day removal period, the noncitizen must be detained. Id. However, if the government fails to remove the noncitizen during this initial 90-day period, further detention is only authorized under the statute if the noncitizen is (1) "inadmissible" under certain grounds, (2) "removable" as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, or (3) has been "determined by the attorney general to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); see also Zadvydas, 533 U.S. at 682 (the government "may" continue to detain noncitizen after expiration of 90-day removal period or release them under

supervision).  Otherwise, the noncitizen must be released subject to an order of supervision.  8 U.S.C. § 1231(a)(6).

In Zadvydas, 533 U.S. at 689, the Supreme Court held that a noncitizen may be detained pursuant to Section 1231(a)(6) only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States."  The court specifically found that Section 1231(a)(6) "does not permit indefinite detention."  Id. Accordingly, the court interpreted the statute to find that a six-month period of detention following an order of removal was "presumptively reasonable."  Id. at 701. When detention exceeds the presumptively reasonable period of six months, the noncitizen must show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.; see also Diouf v. Mukasay, 542 F.3d 1222, 1223 (9th Cir. 2008) (quoting same).  If the noncitizen satisfies their initial burden, the government must then "respond with evidence sufficient to rebut that showing."  Zadvydas, 533 U.S. at 701.  If the government fails to do so, continued detention is unreasonable and therefore is no longer authorized by statute, and the noncitizen must be released.  Jennings v. Rodriguez, 583 U.S. 281, 299 (2018) (citing Zadvydas, 533 U.S. at 701).

2.    Analysis.

Petitioner alleges in the verified FAP that he was originally in immigration custody from February 19, 2016 to September 6, 2016 (FAP at 2, 9 (¶ 26); see id. at 31-33) – a period of more than six months – and that he has again been in immigration custody since February 18, 2026 (id. at 2-3, 9 (¶ 27)).

The Court adopts and incorporates by reference the facts and reasoning set forth in the District Judge's March 12, 2026 Order.  Based on Respondents' lack of opposition to the Application or to the merits of the Petition (see Docket Nos. 10, 15), Respondents appear to concede that Petitioner has been in immigration custody

10

for more than 6 months,[6] that Petitioner's presumptively reasonable 6-month period of detention under Zadvydas has lapsed, and that Petitioner's detention has become "indefinite," meaning that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. As the District Judge found, Petitioner's removal to Syria is not reasonably foreseeable because an immigration judge granted him a statutory withholding of removal based on his fear of persecution (FAP at 25-29, 35) and because he has an approved I-130 petition based on his United States citizen spouse (id. at 37, 39, 43). Moreover, Petitioner is a Syrian national who is a Christian, with no criminal record and no evidence of any noncompliance with immigration officials since entering the United States on February 19, 2026. (FAP at 2-3, 9 (¶¶ 26-28), 23).[7] Therefore, the Court finds that Petitioner has made the requisite showing that there is good reason to believe that there is no significant likelihood he will be removed to Syria in the reasonably foreseeable future.

Respondents have failed to respond with any evidence sufficient to rebut Petitioner's showing. Respondents have failed to offer any evidence concerning their efforts to remove Petitioner, including any evidence concerning a request for Petitioner's travel documents or regarding Syria's response, if any, to a request for Petitioner's travel documents.

---

[6]   See Yakoub v. Marin, et al., Case No. 5:26-cv-JAK-RAO, 2026 WL 922015, at *4 ("Courts interpreting Zadvydas have held that 'the six-month period does not reset when the government detains a[] [noncitizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again.'") (quoting Sied v. Nielson, Case No. 17-cv-6785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018)); see also Siguenza v. Moniz, Case No. 25-cv-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the Zadvydas period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them."),

[7]   To the extent that Petitioner attempts to rely on the approval of his application for Temporary Protected Status (see FAP at 2), the approval was only valid from April 1, 2024 to September 30, 2025 (FAP at 45), which was prior to Petitioner's re-detention.

11

Accordingly, Respondents have failed to rebut Petitioner's showing, and therefore habeas relief is warranted on Petitioner's indefinite detention claim.[8]

## VII.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered:  (a) Enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from: (i) Re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community either because Petitioner has violated a term of his release or because his deportation to Syria is imminent and the necessary documents from Syria have issued and are in the possession of the United States Immigration and Customs Enforcement ("ICE"); and (ii) from removing Petitioner to any country other than Syria without appropriate notice and an opportunity to be heard in accordance with the applicable ICE regulations.

DATED: April 21, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[8]     The Court's determination that Petitioner is entitled to habeas relief on the first claim alleged in the Petition renders it unnecessary for the Court to address the second claim alleged in the Petition.

12